**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ASSOCIATION INSURANCE** | § | |
| **COMPANY,** | § | |
| *Plaintiff* | § | **Case No. 1:19-CV-1248-LY** |
| | § | |
| **v.** | § | |
| | § | |
| **CLARENDON NATIONAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss, filed on February 21, 2020 (Dkt. 5); Plaintiff's Response,[1] filed on March 6, 2020 (Dkt. 6); and Defendant's Reply, filed on March 13, 2020 (Dkt. 7). On March 13, 2020, the District Court referred the motion and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I. Background**

This is an insurance coverage action in which Plaintiff Association Insurance Company ("Association") seeks reimbursement for defense and indemnity fees and costs it paid on behalf of Joseph Fowler Homes, Ltd. ("Partnership") and J.E. Fowler, Inc. ("Corporation") in *Chris Von Dohlen and Teresa Von Dohlen v. Joseph Fowler Homes, Ltd. and J.E. Fowler, Inc.*, No. D-1-GN-

---

[1] Plaintiff contends that Defendant submitted inappropriate extrinsic evidence that the Court should not consider, namely, Joseph Fowler's 2010 insurance application. The Court did not rely on this evidence.

17-001556 (353rd Dist. Ct. Travis County, Tex. Apr. 11, 2017) (the "Underlying Lawsuit"). *See* Dkt. 1 at ¶¶ 1, 6.

Association alleges that Defendant Clarendon National Insurance Company ("Clarendon") had a duty to defend and indemnify the defendants in the Underlying Lawsuit under the terms of Clarendon's insurance policies (the "Policies"). Association argues that Clarendon owes Association for reimbursement of the settlement proceeds and defense costs it expended in defending the Corporation and the Partnership in the Underlying Lawsuit. Association seeks a declaratory judgment as to Clarendon's duties and monetary damages of $155,000.

In its motion, Clarendon argues that this suit should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) because it did not issue any policy covering the Partnership or the Corporation. Therefore, Clarendon contends, it had no duty to defend or indemnify any party in the Underlying Lawsuit.

## II. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

2

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation to
> provide the grounds of his entitlement to relief requires more than
> labels and conclusions, and a formulaic recitation of the elements of
> a cause of action will not do. Factual allegations must be enough to
> raise a right to relief above the speculative level, on the assumption
> that all the allegations in the complaint are true (even if doubtful in
> fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any

documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays*

*Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. Analysis

Clarendon argues that it did not have a duty to defend or indemnify J.E. Fowler, Inc. or Joseph

Fowler Homes, Ltd. in the Underlying Lawsuit because the insurance policies at issue limit

coverage to an "individual" and the individual's spouse. Because the Corporation and Partnership

are not individuals, Clarendon submits, they are not covered under the insurance policies.

Texas substantive law governs the insurance issues in this diversity action. *VRV Dev., L.P. v.*

*Mid-Continent Cas. Co.*, 630 F.3d 451, 456 (5th Cir. 2011).

> In Texas, an insurer's duties to defend and indemnify its insured are
> distinct and separate duties. The duty to defend requires that the
> insurer defend the insured in any lawsuit that alleges and seeks
> damages for an event potentially covered by the policy, while the
> duty to indemnify means the insurer will pay all covered claims and
> judgments against an insured.

*Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252-53 (5th Cir. 2011) (cleaned up).

While the duty to defend is broader than the duty to indemnify, one is not subordinate to the other,

and it is improper to assume that "there can be no duty to indemnify absent a duty to defend." *Id.*

at 254; *see also D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.,* 300 S.W.3d 740, 741 (Tex. 2009)

3

("We hold that the duty to indemnify is not dependent on the duty to defend and that an insurer may have a duty to indemnify its insured even if the duty to defend never arises.").

### A.  Duty to Defend

Under Texas law, the duty to defend is determined when the lawsuit is filed based on the "eight-corners rule," which relies solely on the facts alleged in the petition and the terms of the insurance policy. *Colony,* 647 F.3d at 252 (citing *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009)). Accordingly, courts may not consider extrinsic evidence when determining an insurer's duty to defend, except under certain limited exceptions that do not apply in this case. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004). The Texas Supreme Court has held that doubts regarding the duty to defend should be resolved in favor of the duty. *Id.* at 528 (citing *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002)). Under the eight-corners rule, where the insured is not named in the petition or complaint and is not party to the suit, the insurer is not deemed to have a duty to defend. *Colony,* 647 F.3d at 254.

Here, the Petition in the Underlying Lawsuit named as defendants Joseph Fowler Homes, Ltd., a Texas limited partnership, and J.E. Fowler, Inc., a Texas corporation. Clarendon argues that it had no duty to defend because neither of the named defendants was an "Insured" under the Policies. Dkt. 5-1 at 8, 27-28, 60, 81-82, 112, 131-32.[2]

Association disagrees. It argues that the Policies are ambiguous as to who they covered because the named insureds, "Joseph Fowler Homes" and "Joseph Fowler d/b/a Joseph Fowler Homes," are nearly identical to the named defendant in the Underlying Suit, Joseph Fowler Homes, Ltd. Association argues that, based on the similarity between "Fowler Homes, Ltd." and both "Joseph Fowler Homes" and "Joseph Fowler d/b/a Joseph Fowler Homes," dismissal is improper because

---

[2] Declarations for Policy Nos. DJGL098914, effective April 22, 2010 to April 22, 2011; DJG1098914, effective April 22, 2011 to April 22, 2012; and DJG2098914, effective April 22, 2012 to April 22, 2013.

discovery is needed to determine "which entities and/or people were meant to be covered by a policy." Dkt. 6 at 6.

Clarendon responds that the declaration page for each of the Policies unambiguously defines who is "an Insured." Specifically, the Policies state:

> If you are designated in the Declarations as: An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
>
> No person or organization is an Insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

Dkt. 5-1 at 8, 27-28, 60, 81-82, 112, 131-32. Clarendon contends that because the named defendants in the Underlying Lawsuit were a partnership and a corporation, not an individual, the Policies clearly establish that it had no duty to defend the Underlying Lawsuit. The Court agrees.

As stated above, to determine whether a party has a duty to defend, the Court may consider only the complaint and the insurance policy documents. *Colony,* 647 F.3d at 254. If an insurance contract uses unambiguous language, a court should construe the contract as a matter of law and enforce it as written. *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527-28 (Tex. 2010). The Policies clearly state that they cover individuals only. The Underlying Lawsuit named as a defendant not an individual, but a partnership and a corporation. Because the Policies expressly state that coverage would not extend to the conduct of any partnerships, joint ventures, or LLCs, Clarendon had no duty to defend the Partnership and the Corporation in the Underlying Lawsuit. Accordingly, Defendant's Motion to Dismiss should be granted as to Plaintiff's duty to defend claim.

## B.  Duty to Indemnify

Under Texas law, the duty to indemnify arises when a court determines that the insured is liable for damages that are covered by the policy. *Northfield,* 363 F.3d at 536. A court generally cannot determine whether a party has a duty to indemnify until liability is established, usually at the

conclusion of litigation. *Colony,* 647 F.3d at 252 (citing *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997) and *VRV Dev.*, 630 F.3d at 459). A court generally may only decide the duty to indemnify before the conclusion of the suit when "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Northfield,* 363 F.3d at 536.

Here, the Underlying Lawsuit ended via a settlement agreement. The settlement agreement makes no reference to Joseph Fowler individually or Joseph Fowler d/b/a Joseph Fowler Homes— only the Partnership (Joseph Fowler Homes, Ltd.), the Corporation (J.E. Fowler, Inc.), and unrelated entities. Clarendon insured Joseph Fowler Homes, an entity listed as an individual, and Joseph Fowler d/b/a Joseph Fowler Homes, an individual, "with respect to the conduct of a business of which [the named insured] [was] the sole owner." Dkt. 5-1 at 8, 27-28, 60, 81-82, 112, 131-32. The Policies expressly state that coverage did not extend to the acts of partnerships, LLCs, or other entities related to the covered individual. *Id.*

The Court finds that Clarendon had no duty to indemnify in the Underlying Lawsuit because Clarendon's insured was not liable for any damages. Accordingly, Defendant's Motion to Dismiss for failure to state a duty to indemnify claim should be granted.

### IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss (Dkt. 5).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 18, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE